IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINAL EXPENSE DIRECT, | § § § § | |
| Plaintiff, | | |
| vs. | § § § | (Judge Andrew Hanen) <br> CIVIL ACTION NO. 4:22-cv-02997 |
| PYTHON LEADS, LLC, JACQUELYN LEAH LEVIN, AND DAVID LEVIN, | § § § § | |
| Defendants. | § | |

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY

COMES NOW Plaintiff, Final Expense Direct ("Plaintiff" or "Final Expense") and files this, its Reply to Defendants,' Python Leads, LLC ("Python"), Jacquelyn Leah Levin ("Ms. Levin"), and David Levin ("Mr. Levin") (collectively, "Defendants") Response to Plaintiff's Motion for Leave to File a Notice of Supplemental Authority (ECF 22, "Response"), and would show the Court as follows:

Defendants' Response is at best perplexing, and otherwise, inappropriate. Defendants completely ignore the basis for Final Expense's Notice of Supplemental Authority (ECF 21, "Notice") and the plain language contained therein. More concerning, however, is the fact that Defendants have improperly used their Response as an opportunity to attempt to reargue their entire Motion to Dismiss (ECF 19) and distract this Court from the true purpose of a notice of supplemental authority. As set forth below, Final Expense's Notice was procedurally and substantively proper. The superfluous arguments contained in Defendants' Response should therefore be stricken, and this Court should focus solely on the fact that Defendants do not contest that the authorities cited are valid and binding.

First, Defendants contend that Final Expense does not satisfy proper procedure and does not explain why its Notice should be granted. (ECF 22, ¶¶ 1-3). Not so. Final Expense clearly directed Defendants, and this Court, to the specific authority within which it filed its Notice—so much so that Defendants cited directly to it. (*Id.*, p. 2, fn 1). Further, as Final Expense's Notice makes clear, its Notice was necessary because *Defendants* misrepresented their authorities before this Court. (ECF 21-1, p. 2, "Defendants have entirely omitted the critical concept of "without more" from their Reply"). Thus, the Notice was not merely to "cite" to supplemental authorities, as Defendants suggest (ECF 22, ¶ 4), but to clarify the record as to what those authorities frankly support: that Plaintiff has satisfied both specific and general jurisdiction. Defendants have suffered no prejudice as a result of this clarification, so their suggestion that same should be denied is unwarranted. *See Mendoza v. Microsoft, Inc.*, 1. F.Supp.3d 533, 541-542 (W.D. Tex. 2014) (characterizing notices of supplemental authority as a "well-established practice... and helpful to the Court").

Next, Defendants seem to misunderstand the purpose of a notice of supplemental authority. When a party has already properly pled a position—as Final Expense has done here, with respect to specific and general jurisdiction—notices of supplemental authority are routinely used to provide a Court with additional opinions, orders, or other authorities relevant to that position. *See* Fed. R. App. P. 28(j) (providing instructive guidance to trial courts by discussing 'authorities'); *see also Mendoza*, 1. F.Supp.3d at 541-542 (discussing procedure and purpose of notice of supplemental authority). Defendants suggest that Final Expense should not have been permitted to provide these relevant authorities because they were not newly issued. (ECF 22, ¶ 4). This is immaterial. *See Mendoza*, 1. F.Supp.3d at 541. Here, the authorities specifically (and briefly) cited in Final Expense's Notice clarify Defendants' misrepresentation of same and, where

necessary, provide additional support to Final Expense's clarification.  (*See, e.g.*, ECF 21-2, p. 2). This is squarely within Final Expense's right and exactly the situation that warrants a notice of supplemental authority.

Defendants' Response is a veiled attempt to reargue their Motion to Dismiss and distract the Court from the purpose of Final Expense's Notice:  clarifying the authorities Defendants misrepresented in their briefs.  Defendants' *ad nauseum* efforts to analogize and distinguish the authorities cited in Final Expense's Notice are inappropriate.  Defendants' Response is not an appropriate instance to reattempt its arguments in support of their Motion to Dismiss.  Stripping those portions away, Defendants' Response boils down to a single critical point:  Defendants do not object to the fact that the authorities cited in Final Expense's Notice are valid and binding.  All remaining portions of Defendants' Response are tangential and unnecessary for this Court's consideration at this stage.

Respectfully submitted,

_____
**NEEL, HOOPER & BANES, P.C.**
Bryant S. Banes
Texas State Bar No.  24035950
Federal ID No.  31149
Sarah P. Harris
Texas State Bar No.  24113667
Federal ID No.  3421904
1800 West Loop South, Suite 1750
Houston, Texas  77027
Tel:  (713) 629-1800
Fax:  (713) 629-1812
E-mail:  bbanes@nhblaw.com
          sharris@nhblaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on November 23, 2022, a true and correct copy of the foregoing has been filed through the CM/ECF system.  A copy of this filing has been sent via e-mail to Defendant's counsel at the following:

Patrick Babb
Fox Rothschild LLP
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, Texas 75201
pbabb@foxrothschild.com

                                              Bryant S. Banes