Case 4:22-cv-02997 Document 28 Filed on 08/29/23 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FINAL EXPENSE DIRECT, § § Plaintiff, § VS. § PYTHON LEADS, LLC, JACQUELYN § LEAH LEVIN, and DAVID LEVIN, § § Defendants. § | CIVIL ACTION NO. 4:22-CV-02997 |

## ORDER

Before this Court is Defendant Python Leads, LLC ("Python"), Jacquelyn Leah Levin, and David Levin's (collectively the "Defendants") Motion to Dismiss. (Doc. No. 12). Plaintiff Final Expense Direct ("Plaintiff" or "Final Expense") filed a Response in Opposition. (Doc. No. 19), and Defendants filed a Reply. (Doc. No. 20). Plaintiff also filed a Motion for Leave to File a Notice of Supplemental Authority (Doc. No. 21), that Defendants contested. (Doc. No. 22). Plaintiff filed a reply. (Doc. No. 23).[1] Having considered the motions and the applicable law, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. No. 12).

### I. Background

Plaintiff is an organization based in Houston, Texas that sells life insurance to individuals throughout the United States. Python is a limited liability company based in Sarasota, Florida that provides telephone leads to companies engaged in telephone marketing. Defendant Jacquelyn Leah

---

[1] Plaintiff's Notice of Supplemental Authority (Doc. No. 21-1) does not address new arguments, evidence, or cases. As pointed out by Defendants, this document is a disguised Sur-Reply. Considering Plaintiff filed its Motion and Motion for Leave only five days after Defendants filed their Reply, the Court grants Plaintiff's Motion for Leave and consider the information in the Notice of Supplemental Authority. The Court also considers Defendants' Response to said motion. (Doc. No. 22).

Levin is the founder and sole member of Python, and Defendant David Levin is an employee of Python (as well as Jacquelyn Leah Levin's husband).

In March 2021, Plaintiff alleges that Final Expense and Python entered into an agreement under which Python was to generate leads for Final Expense. Otherwise stated, Python's job was to initiate phone calls to prospective insurance buyers and subsequently transfer the calls to an insurance agent at Final Expense. As per Plaintiff's Complaint, shortly after Python began generating leads for Final Expense, consumers began to complain that the parties were violating the Telephone Consumer Protection Act of 1991 (the "TCPA"). Plaintiff claims that under the March 2021 Agreement, Python was to indemnify it for any violations of the TCPA, but Python failed to do so.

Specifically, Plaintiff contends that it was sued by three individuals and Python refused to indemnify it for its litigation expenses and settlement costs. Final Expense ultimately paid over $100,00 to settle the claims against it. Python has continued to refuse to indemnify Final Expense in the lawsuits, so Plaintiff brought this action. Plaintiff asserts the following causes of action against Defendants: breach of contract, breach of implied-in-fact contract, promissory estoppel, quantum meruit, and violation of the Deceptive Trade Practices Act ("DTPA").

In response to Plaintiff's lawsuit, Defendants filed a Motion to Dismiss. Defendants urge the Court to Dismiss Plaintiff's Complaint because it failed "to establish personal jurisdiction over Defendants, and fail[ed] to state a claim upon which relief may be granted for each of its causes of action. (Doc. No. 12 at 1).

## II. Legal Standards

When a district court rules on a Rule 12(b)(2) motion without a hearing, the plaintiff must make a prima facie showing of jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602,

609 (5th Cir. 2008). The court may consider the contents of the record, including affidavits or other recognized methods of discovery, in deciding whether to exercise personal jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Generally, the court accepts the plaintiff's non-conclusory, uncontroverted allegations as true and resolves conflicts between the facts contained in the parties' affidavits in the plaintiff's favor. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

A federal court may exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent with Fourteenth Amendment to the United States Constitution. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). The two-part jurisdictional inquiry collapses into a single step in this forum because the Texas long-arm statute extends to the limits of federal due process. Tex. Civ. Prac. & Rem. Code § 17.042; *Johnston*, 523 F.3d at 609; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). To meet the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Mullins*, 564 F.3d at 398.

"Minimum contacts" can give rise to either specific personal jurisdiction or general personal jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General personal jurisdiction exists when a non-resident defendant's contacts with the forum state are "substantial, continuous, and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir.2003). "Random, fortuitous, or attenuated contacts are not sufficient to establish

3

jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir.2007) (citation omitted). Generally, "an individual is subject to general jurisdiction in [his] place of domicile." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). When a corporation is the defendant, the "paradigm forum[s]" where it is essentially at home are the "corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 137 S. Ct. 1549, 1558, 198 L.Ed.2d 36 (2017).[2] In the "exceptional case," general jurisdiction may be asserted over a corporation in a forum different from where it is incorporated or has its principal place of business, but only if its "operations ... [are] so substantial and of such a nature as to render the corporation at home in that state." *Id.* Proving such an exceptional case is "incredibly difficult." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

The court "may exercise 'specific' jurisdiction in a suit arising out of or related to the defendant's contacts with the forum." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The Fifth Circuit has articulated a three-step analysis for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The touchstone of the minimum contacts inquiry is whether the defendant's conduct shows that it "reasonably anticipates being haled into court" in the forum state. *Id.*

---

[2] For purposes of determining diversity jurisdiction, a limited liability company is a citizen of all the domiciles of its members. Here, the only member of Python is Jacquelyn Levin, who is a citizen of Florida. For that reason, Python is considered a citizen of Florida for diversity purposes. As such, the Court can exercise diversity jurisdiction over the case. That doctrine, however, does not resolve the remaining question: whether the TXCourt has personal jurisdiction over the Defendants.

4

## III. Discussion

Defendants urge the Court to dismiss Plaintiff's Complaint (Doc. No. 1) and First Amended Complaint (Doc. No. 18) for two reasons: (1) the Court lacks personal jurisdiction over the defendants and (2) the Plaintiff failed to state a claim under which relief may be sought. Courts are obliged to consider personal jurisdiction before reaching the merits of a claim. *See, Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 623 (5th Cir.1999) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994)).[3]

As discussed, courts recognize two types of personal jurisdiction—general personal jurisdiction and specific personal jurisdiction. Plaintiff claims the Court has both general and specific personal jurisdiction over the Defendants. (Doc. No. 19 at 6). Defendants disagree.

### A. General Personal Jurisdiction

The Court begins by analyzing whether it has general personal jurisdiction over the Defendants. General personal jurisdiction exists when a non-resident defendant's contacts with the forum state are "substantial, continuous, and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir.2003).

1. David and Jacquelyn Levin

Individuals are subject to general jurisdiction in their place of domicile. *Ford Motor Co.*, 141 S. Ct. at 1024. Defendants Jacquelyn Leah Levin and David Levin (collectively the "Levins") are individuals. Jacquelyn Levin has been a citizen and resident of the State of Florida for 40 years. (Doc. No. 12-1 at ¶ 3). Her husband, David Levin, has been a citizen and resident of the State of

---

[3] As the Court will discuss, it does not have personal jurisdiction over the Defendants. This finding forecloses the necessity and authority to address Defendants' motion to dismiss under Rule 12(b)(6).

Florida for more than 9 years. (Doc. No. 12-2 at ¶¶ 2 and 3). Accordingly, neither Jacquelyn nor David Levin is subject to general personal jurisdiction in Texas.

2. Python

A corporate defendant is subject to general jurisdiction where it is incorporated and where it has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Only in the "exceptional case" may a court exercise general personal jurisdiction over a corporation in a forum different from where it is incorporated or has its principal place of business. *BNSF*, 581 U.S. 402 (2017). To qualify as an "exceptional case" the party asserting jurisdiction must show that the corporation's "operations ... [are] so substantial and of such a nature as to render the corporation at home in that state." *Id.* Proving such an exceptional case is "incredibly difficult." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Defendant Python is a limited liability company. Plaintiff does not dispute Defendants' position that Python has its principal place of business in Sarasota, Florida. (Doc. No. 12 at 3). Thus, outside of Florida, a court may only exercise general jurisdiction over Python in "exceptional cases" where the "corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render thee corporation at home in that State.'" *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139, n. 19 (2014)).

While not explicitly stated by Plaintiff, it appears it is arguing the Court has general jurisdiction over Python because it fits the "exceptional case" exception.[4] In support of its position, Plaintiff enumerates the following activities Defendants have conducted in Texas: (i) Jacquelyn and David Levin are licensed insurance agents in Texas; (ii) Python "generated leads located in Texas (Doc. No. 19 at 8); (iii) Python "solicited Plaintiff's business" (Doc. No. 21-1 at 2); (iv)

---

[4] Plaintiff contends that Final Expense has such continuous and systematic activities, "satisfying both general and specific jurisdiction." (Doc. No. 19 at 6).

6

Python entered into and performed a contract with Plaintiff in Texas (Doc. No. 21-1 at 2); and (v) Python "accepted payment from Plaintiff, proposed additional contractual relationships with Plaintiff, and drafted documents for Plaintiff's use in responding to complaints." (Doc. No. 21-1 at 2).

These contacts are not sufficient to show the foreign corporation, Python, is "at home" in Texas. *See Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 565 (S.D. Tex. 2021) (holding that telephone calls alleged to have been made in violation of the TCPA are not sufficient to establish general personal jurisdiction over the corporation that made the calls). There is no showing that Python had any business operations, bank accounts, offices, property, or employees in Texas. *See Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, No. CIV.A. H-10-600, 2011 WL 722025, at * 1 (S.D. Tex. Feb. 17, 2011) (holding there is no general personal jurisdiction over a defendant corporation who did not have "any business operations, bank accounts, property, or employees in Teas."). Therefore, the Court finds that it does not have general personal jurisdiction over Python.

## B. Specific Personal Jurisdiction

The second type of personal jurisdiction is specific personal jurisdiction. Plaintiff contends that "[i]t is clear from the Complaint and Amended Complaint that Defendants had sufficient contacts with Texas" as to subject them to specific personal jurisdiction in Texas. (Doc. No. 19 at 6). Defendants disagree, arguing that they do not have minimum contacts with Texas. (Doc. No. 12 at 4). Further, they assert that "Plaintiffs' (sic) allegations in support of personal jurisdiction are not substantially connected to the contention that Defendants did not indemnify Plaintiff in the three alleged lawsuits for TCPA violations." (Doc. No. 20 at 3).

7

A court may exercise 'specific' jurisdiction in a suit arising out of or related to the defendant's contacts with the forum." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The Fifth Circuit utilizes a three-step analysis for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The Court must have personal jurisdiction over each defendant. As such, "[e]ach defendant's contacts with the forum state must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13 (1984).

1. David and Jacquelyn Levin

Plaintiff's Complaint and First Amended Complaint detail various acts committed by Defendants in Texas. The documents do not, however, differentiate between Python's conduct and the individual defendant's conduct. As such, the Court will look at the allegations and determine what conduct is attributable to each party.

In regard to the individual defendants, the Court deciphers the following as contacts attributable to David and Jacquelyn Levin: "Mr. Levin held himself out to third parties as the Compliance Manager for Python" (Doc. No. 18 at ¶ 7); "Mr. and Mrs. Levin are insurance agents licensed in Texas" (Doc. No. 18 at ¶ 7); "Mrs. Levin accepted payment for Python expenses to her personal bank account, which upon information and belief, is shared with Mr. Levin" (Doc. No. 18 at ¶ 8); and "Defendants requested payment to the Levin's personal account and Ms. Levin completed a W-9 to document the same" (Doc. No. 18 at ¶ 8). I is not clear from the record that any of these activities occurred in Texas.

8

Nevertheless, assuming those activities did have a Texas nexus, Plaintiff's causes of action against David and Jacquelyn Levin do not arise out of or relate to the Levins' forum-related conduct. Each of Plaintiff's causes of action stem from the same allegation: that Defendants did not indemnify Plaintiff in several lawsuits that stemmed from Python violating the TCPA. Plaintiff does not contend that it was harmed by David or Jacquelyn selling insurance in Texas. Therefore, David and Jacquelyn's licenses to sell insurance are not related to Plaintiff's lawsuit. Further, there are no facts to indicate that Mrs. Levin's acceptance of payment or completing a W-9 was related in any way to the forum state or to the basis of this lawsuit. Thus, Plaintiff has failed to allege sufficient facts to subject the Levins to specific personal jurisdiction in Texas.

Having found that the Court does not have specific or general personal jurisdiction over the Levins, dismissal is proper as to David and Jacquelyn Levin.

2. Python

Next, the Court will consider whether Python had any contacts with Texas, and if so, whether those contracts arise out of or relate to Plaintiff's causes of action. Examining the allegations in the First Amended Complaint and in Plaintiff's Notice of Supplemental Authority, it appears Plaintiff claims Python had the following contacts with the forum state: (i) "Defendants knew Plaintiff's principal place of business (sic) in Houston, Texas when they contracted with Plaintiff to provide live transfer services" (Doc. No. 18 at ¶ 7); (ii) "Defendants solicited Plaintiff's business in Texas, and subsequently entered into and performed a contract with Plaintiff in Texas" (Doc. No. 21-1 at 2) (citing Doc. No. 18 at ¶ 7-8); and (iii) Python generated leads for consumers located in Texas for Final Expense" (Doc. No. 18 at ¶ 7).

The first two "contacts"—that the Defendants knew Plaintiff's principal place of business was in Texas and that they entered into and performed a contract with a Plaintiff in Texas—are

9

not sufficient to establish personal jurisdiction. "Although a single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted, entering into a contract with an out-of-state party, without more, is not sufficient to establish minimum contacts". *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 313 (5th Cir. 2007) (finding a visit to the forum state to negotiate a contract is not a sufficient contact to support specific personal jurisdiction).

The only other contact alleged by Plaintiff is the fact that Python generated leads for (otherwise stated, made phone calls to) consumers located in Texas. Some courts have held that making phone calls to consumers in Texas may be sufficient contacts to satisfy the specific personal jurisdiction requirement. *See Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554 (S.D. Tex. 2021). It is important to note that those cases all involved consumers bringing lawsuits for violations of the TCPA, and therefore, the calls formed the basis of the claim. Those cases are distinct from the case at hand where the cause of action stems from an alleged breach of contract. In this case, any calls made to Texas residents do not arise out of or relate to the Plaintiff's breach of contract case. Accordingly, the claimed contacts are not sufficient to establish specific personal jurisdiction.

Since the Court does not have general of specific personal jurisdiction over Python, dismissal is proper.

## IV. Conclusion

For the aforementioned reasons, the Court **GRANTS** Defendant's Motion to Dismiss on the grounds of lack of personal jurisdiction. (Doc. No. 12).

Signed this 29th day of August, 2023.

Andrew S. Hanen
United States District Judge